IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

Jean Simmons and Douglas Simmons,   )
                                    )   C.A. No. 7:10-2497-HMH
              Plaintiffs,           )
                                    )
        vs.                         )   **OPINION AND ORDER**
                                    )
Williams-Sonoma Stores, Inc., a corporation )
d/b/a Pottery Barn,                 )
                                    )
              Defendant.            )

This matter is before the court on Defendant Williams-Sonoma Stores' ("Williams-Sonoma") motion for summary judgment. For the reasons explained below, the court grants Williams-Sonoma's motion.

**I. F**ACTUAL AND **P**ROCEDURAL **H**ISTORY

On January 13, 2008, Plaintiff Jean Simmons ("Simmons") tripped and fell over the bottom tier of a three-tier floor display at a Pottery Barn outlet store located in Gaffney, South Carolina. (Compl. ¶ 4.) As a result of her fall, Simmons "suffered an injury to her right shoulder requiring surgery and rehabilitation, and an aggravation to her lower back, which injuries have required medical treatment." (Id. ¶ 5.) On August 23, 2010, Simmons commenced a negligence action against Williams-Sonoma in a South Carolina Court of Common Pleas. (Id., generally.) Simmons alleged that Williams-Sonoma was negligent because the bottom tier of the display blended in with the floor and thereby created a hazardous condition for which Williams-Sonoma had a duty to warn Simmons. (Def. Mem. Supp. Mot. Summ. J. Ex. A (Simmons Dep. at 35) & Ex. C (Simmons Dep. at 33).) Simmons' husband, Douglas Simmons,

1

asserted a loss of consortium claim against Williams-Sonoma. (Compl. ¶¶ 14-17.)

On September 24, 2010, Williams-Sonoma removed this action to the United States District Court for the District of South Carolina. Williams-Sonoma subsequently moved for summary judgment on May 17, 2011. Plaintiffs failed to respond to the motion for summary judgment. This matter is now ripe for review.

## II. DISCUSSION OF THE LAW

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996).

Under South Carolina law, a plaintiff must plead and prove the following elements to prevail upon a negligence claim: (1) defendant owed the plaintiff a duty of care; (2) breach of the duty of care by the defendant's negligent act or omission; (3) the defendant's breach was the

proximate cause of plaintiff's injury; and (4) damages. Dorrell v. S.C. Dep't of Trans., 605 S.E.2d 12, 15 (S.C. 2004). When a plaintiff's allegations of negligence are based upon a dangerous condition on a landowner's premises, the plaintiff must proffer evidence demonstrating that either "(1) the injury was caused by a specific act of the defendant which created the dangerous condition; or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." Wintersteen v. Food Lion, Inc., 542 S.E.2d 728, 729 (S.C. 2001). A defendant landowner, however, is not liable for every physical injury suffered by invitees. It is well established that a "property owner generally does not have a duty to warn others of open and obvious conditions, but a landowner may be liable if the landowner should have anticipated the resulting harm." Sides v. Greenville Hosp. Sys., 607 S.E.2d. 362, 365 (S.C. Ct. App. 2004).

Simmons alleges that the bottom tier of a three-tier floor display that is twelve inches tall and ten feet, two inches wide is a dangerous condition for which Williams-Sonoma had a legal duty to warn. (Compl. ¶¶ 6-8.) Simmons, however, has failed to proffer any evidence, other than her conclusory allegations that there should have been merchandise on the display to increase visibility by customers, demonstrating that Williams-Sonoma breached its duty of care by creating a defective condition or otherwise having knowledge of its existence. See Larimore v. Carolina Power & Light, 531 S.E.2d 535, 539 (S.C. Ct. App. 2000) (concluding that plaintiff must come forward with evidence showing defendant landowner had knowledge of defect prior to the plaintiff's injury). Moreover, a negligence action fails when, as here, the allegedly dangerous condition complained of was open and obvious. After an independent review of the record in this case, the court concludes that there are no genuine disputes as to any material facts

and that Williams-Sonoma is entitled to judgment as a matter of law.

It is therefore

**ORDERED** that Williams-Sonoma's motion for summary judgment, docket number 27, is granted.

**IT IS SO ORDERED.**

                                            s/Henry M. Herlong, Jr.
                                            Senior United States District Judge

Greenville, South Carolina
June 14, 2011